**Opinion issued April 14, 2016**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-14-01034-CR**

————————————

**TELLY J. SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1413462**

---

**MEMORANDUM OPINION**

Appellant, Telly J. Smith, pleaded guilty to the first-degree felony offense of aggregate theft—over $200,000—without an agreed recommendation as to punishment, pending a pre-sentence investigation report. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(7), 31.09 (West Supp. 2015). Following a pre-sentence

investigation and hearing, the trial court assessed appellant's punishment at fifty-five years' confinement on December 22, 2014. This sentence is within the applicable sentencing range. *See id.* § 12.32(a) (West Supp. 2015). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the record has been sent to appellant for

review. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant timely filed a *pro se Anders* response, styled as a "Motion to Object to Counsel's [Motion to] Withdraw as Attorney of Record."

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel— determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

## CONCLUSION

Accordingly, we **affirm** the judgment of the trial court and **grant** counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a).[1] Attorney Brian M. Middleton must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.